LSK&D #: 114-6015 / 1042159
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CANAL INSURANCE COMPANY,

                              Plaintiff,

-against-

GINNETTI TRUCKING, LLC, a Connecticut Limited Liability Corporation, BRUCE LAURITZEN, individually, EDDYS N. GARCIA, as Administrator of the Goods Chattels and Credits which were of WENDY SANTOS, deceased, EDDYS N. GARCIA, individually, EDDY I. GARCIA, an infant by his father and natural guardian, EDDYS N. GARCIA, KENNY J. GARCIA, an infant by his father and natural guardian, EDDYS N. GARCIA, OLGA GARCIA, individually, RAFAEL SALVADOR, individually, KEYLIE SALVADOR, an infant by her mother and natural guardian, OLGA GARCIA, ANGEL RIVERA, individually, EDART LEASING COMPANY, LLC., a Massachusetts Limited Liability Corporation, and DASILVA TAUNTON EXPRESS, Massachusetts business entity, form unknown,

                              Defendant.
------------------------------------------------------------------x

CIVIL ACTION NO.:
08 CV 01588

**ANSWER**

Defendant, BRUCE LAURITZEN ("Lauritzen"), by its attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering the plaintiff's complaint dated February 15, 2008 respectfully states as follows:

## INTRODUCTION

1.    Admits the truth of the allegations in paragraph "1" of the Complaint and respectfully refers the Court to the declaratory judgment complaint for a true and complete statement of its contents, but begs leave to refer all questions of law to the Court.

## PARTIES AND JURISDICTION

2. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "2" of the Complaint.

3. Admits the allegations in paragraph "3" of the Complaint to the extent that Ginnetti is a Connecticut Limited Liability Corporation with its principal place of business located in East Haven, Connecticut and was duly authorized to engage and engaged in the business of transporting gasoline in the State of Connecticut.

4. Admits the allegations contained in paragraph "4" of the Complaint.

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

## JURISDICTION AND VENUE

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the Complaint and respectfully refers the Court to the declaratory judgment complaint for a true and complete statement of its contents, but begs leave to refer all questions of the law to the Court.

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the Complaint and respectfully refers the Court to the declaratory judgment complaint for a true and complete statement of its contents, but begs leave to refer all questions of the law to the Court.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint, but begs leave to refer all questions of the law to the Court.

## FACTS

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint, and respectfully refers the Court to the Canal policy for a true and complete statement of its contents.

18. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint, and respectfully refers the Court to the Canal policy for a true and complete statement of its contents.

19. Denies each and every allegation in paragraph "19" of the Complaint, except admits that on or about July 2, 2006, a 2006 Kenworth tractor owned by defendant Ginnetti was being operated by the defendant Lauritzen on eastbound Interstate 95 in or near Darien, Connecticut.

20. Denies each and every allegation in paragraph "20" of the Complaint.

21. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the Complaint, except admits that the Estate of Wendy Santos, Deceased, and as guardian for minor defendants Eddy N. Garcia and Kenny J. Garcia, filed a civil action against Ginnetti in the United States District Court, Eddys N. Garcia, et al. v. Ginnetti Trucking, LLC., Civil Action No. 07 CV 4045 (GEL) seeking damages, and defendant OLGA GARCIA, both individually and as guardian for minor defendant KEYLIE SALVADOR, and defendant RAFAEL SALVADOR, filed a separate civil action in the Supreme Court of the State of New York, Bronx County, entitled Olga Garcia, et al. v. Ginnetti Trucking, LLC, Index No: 16038-07, likewise seeking damages arising out of the incident hereinabove described; that the civil action entitled Olga Garcia, et al. v. Ginnetti Trucking, LLC, was subsequently removed to the United States District Court for the Southern District of New York, and is also presently pending in such Court under Civil Action No.: 07 CV 4045 (GEL); and that CANAL is providing a defense to GINNETTI in both such actions ("the underlying action").

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint and respectfully

refers the Court to the Canal policy for a true and complete statement of its terms and conditions.

23. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint and respectfully refers the Court to the Canal policy for a true and complete statement of its terms and conditions.

24. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "24" of the Complaint, except admits that the Canal policy includes an Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980 ("MCS-90 Endorsement") and respectfully refers the Court to the Canal policy for a true and complete statement of its terms and conditions, and begs leave to refer all questions of law to the Court.

25. Admits the allegations in paragraph "25" of the Complaint that there is a potential that the damages which might be awarded against GINNETTI as a result of the two underlying civil actions may exceed CANAL's One Million Dollar ($1,000,000) "per occurrence" policy limit, but begs leave to refer all questions of law to the Court.

26. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint, and begs leave to refer all questions of law to the Court.

### BILL OF COMPLAINT COUNT ONE – DECLARATORY RELIEF

27. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint, and

respectfully refers the Court to the Canal policy for a true and complete statement of its terms and conditions, but begs leave to refer all questions of law to the Court.

28. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint, and respectfully refers the Court to the Canal policy for a true and complete statement of its terms and conditions, but begs leave to refer all questions of law to the Court.

29. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint, except admits that Canal alleges that a justiciable controversy exists regarding its rights, duties and obligations pursuant to the policy of insurance which it issued to Ginnetti, and respectfully refers the Court to the Canal policy for a true and complete statement of its terms and conditions, but begs leave to refer all questions of law to the Court.

## COUNT TWO – INTERPLEADER

30. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint, but begs leave to refer all questions of law to the Court.

31. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint, but begs leave to refer all questions of law to the Court.

32. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint, but begs leave to refer all questions of law to the Court.

33. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint, but begs leave to refer all questions of law to the Court.

34. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint, but begs leave to refer all questions of law to the Court.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35. The Complaint fails to state a cause of action as to the answering defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36. The incident(s) at issue in the underlying tort action are, or may constitute more than one "occurrence" under the Canal policy.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

37. Canal is obligated to provide this answering defendant with a defense in the underlying action and to pay any settlement negotiated or damages awarded against Ginnetti or this answering defendant for any liability adjudicated in the underlying action up to the applicable limit(s) of its primary policy.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

38. General Star National Insurance Company, which issued an umbrella liability policy of insurance to Ginnetti, policy no. NXG397153A, in effect on the date of the accident(s) at issue in the underlying action is, or may be obligated to pay any settlement negotiated or damages awarded against Ginnetti and/or this answering

defendant for any liability adjudicated in the underlying action up to the applicable limit(s) of its policy.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

39. Plaintiff has failed to join all necessary parties.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

40. This action is, or may be premature and not yet ripe for determination prior to any judgment entered against Ginnetti and/or this answering defendant in the underlying action.

**WHEREFORE,** defendant Lauritzen respectfully requests that the Court deny the relief sought by Canal and dismiss the complaint in its entirety, except to issue a declaration that Canal owes a duty to defend this answering defendant in the underlying actions and to pay on behalf of Lauritzen all sums that Lauritzen shall become legally obligated to pay as damages, subject to the applicable policy limit.

Dated:   New York, New York
         July 9, 2008

Respectfully submitted,

LESTER SCHWAB KATZ & DWYER, LLP

_____
Ellen M. Spindler (EMS-4839)
Harold Dershowitz (HJD-9910))
Attorneys for Defendant
Bruce Lauritzen
120 Broadway
New York, New York  10271
(212) 964-6611

TO:

Daniel A. Howard, Esq.
McElfish Law Firm
1112 N. Sherbourne Drive
West Hollywood, California 90069

Gair, Gair Conason, Steigman & Mackauf
80 Pine Street
New York, New York 10005

Yanover & Yanover
50 Charles Lindbergh Blvd, Suite 400
Uniondale, New York  11553

Edart Leasing Company, LLC
100 Wales Avenue
Avon, Massachusetts 02322

Dasilva Taunton Express
513 John Hancock Road
Taunton, Massachusetts 02780